UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LOUDEN, LLC, a Nevada Limited Liability Company,<br><br>            Plaintiff,<br><br>      vs.<br><br>BILL MARTIN & MARY MARTIN,<br><br>            Defendants. | Case No:  C 12-5972 SBA<br><br>**ORDER REMANDING ACTION** |

On May 23, 2012, Plaintiff Louden, LLC, ("Plaintiff"), a limited liability company ("LLC"), filed an unlawful detainer action against Gary Milano and Bill Martin in the Superior Court of the State of California, County of Contra Costa.  On November 21, 2012, Bill Martin and non-party Mary Martin filed pro se a Notice of Removal.[1]  Though no federal claims are alleged in the pleadings, Defendants predicate the removal on the basis of diversity jurisdiction.  See Notice of Removal at 1, Dkt. 1.

A district court has "a duty to establish subject matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not."  United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 967 (9th Cir. 2004); accord Attorneys Trust v. Videotape Computer Prods., Inc., 93 F.3d 593, 594-95 (9th Cir. 1996) (lack of subject

---

[1] Gary Milano did not join in the removal, which renders the removal procedurally defective.  See Emrich v. Touche Ross & Co., 846 F.2d 1190, 1193 n.1 (9th Cir. 1988) ("The failure to join all proper defendants in a removal petition may otherwise render the removal petition procedurally defective").  Although Mary Martin is not a party to the action, the Court, for simplicity, refers to the removing parties as "Defendants."

matter jurisdiction may be raised at any time by either party or by the court sua sponte). The federal removal statute permits the removal of an action which could have been brought originally in federal court.  See 28 U.S.C. § 1441(a). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction."  Prize Frize Inc. v. Matrix Inc., 167 F.3d 1261, 1265 (9th Cir.1999).  A district court must remand a case to state court "if at any time before the final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c); Kelton Arms Condominium Owners Ass'n v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir.2003) ("[W]e have held that the district court must remand if it lacks jurisdiction") (citing Sparta Surgical Corp. v. Nat'l Ass'n Sec. Dealers, Inc., 159 F.3d 1209, 1211 (9th Cir. 1998)).

District courts have diversity jurisdiction over all civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States."  28 U.S.C. § 1332(a).  The amount in controversy is determined by the amount of damages or the value of the property that is the subject matter of the action.  Hunt v. Washington State Apple Advertising Comm'n, 432 U.S. 433 (1977). The diversity statute is strictly construed, and any doubts are resolved against finding jurisdiction.  Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1092 (9th Cir. 1983). Because the citizenship of the parties is a jurisdictional fact in diversity actions, the burden is on the plaintiff--the party invoking federal jurisdiction--to plead and prove such facts. Bautista v. Pan American World Airlines, Inc., 828 F.2d 546, 552 (9th Cir. 1987).

Here, remand is required for several reasons.  First, as citizens of the forum state, Defendants cannot remove the action.  The removal statute unambiguously precludes removal jurisdiction on the basis of diversity where, as here, any defendant is a citizen of the State in which the action was brought.  See 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought."); see also Lively v. Wild

1  Oats Mkts., Inc., 456 F.3d 933, 939 (9th Cir. 2006) (Section "1441(b) confines removal on

2  the basis of diversity jurisdiction to instances where no defendant is a citizen of the forum

3  state").

4        Second, even if Defendants could remove the action, they have not shown that they

5  are completely diverse from Plaintiff.  Defendants apparently are under the belief that since

6  Plaintiff is an LLC formed in Nevada, it must necessarily be a citizen of Nevada for

7  purposes of diversity jurisdiction.  Unlike the citizenship of a natural person, however, the

8  citizenship of an LLC or other unincorporated entity is the citizenship of its members.  See

9  Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("We …

10  hold that, like a partnership, an LLC is a citizen of every state of which its owners/members

11  are citizens.").  Here, neither the Complaint nor the Notice of Removal identifies any of

12  Plaintiff's members or provides any facts regarding their citizenship.  As a result,

13  Defendants cannot sustain the removal based on complete diversity of citizenship.  See

14  Harris, 425 F.3d at 694; see also Deckard v. Wachovia Mortg., No. CV 10-2464 PA

15  (AGRx), 2010 WL 1444569, at *1 (C.D. Cal. April 7, 2010) (allegation in Notice of

16  Removal that the defendant is "[a] Delaware limited liability company headquartered in

17  Addison, Texas" failed to meet defendant's burden of demonstrating removal jurisdiction).

18        Finally, Defendants have not alleged facts to establish that the minimum amount is

19  in controversy.  The Complaint alleges that the amount demanded does not exceed $10,000.

20  Thus, even if Defendants were able to establish complete diversity between the parties, they

21  cannot show that the requisite amount, i.e., $75,000, is in controversy.  Remand is therefore

22  warranted.  See Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992) (lack of specific

23  facts demonstrating that the amount in controversy at the time of removal met the

24  jurisdictional minimum justified remand).  Accordingly,

1    IT IS HEREBY ORDERED THAT, pursuant to 28 U.S.C. § 1447(c), the instant

2 action is REMANDED to Contra Costa County Superior Court.  The Clerk shall terminate

3 all pending matters and close the file.[2]

4    IT IS SO ORDERED.

5 Dated:  12-3-12                          _____
                                          SAUNDRA BROWN ARMSTRONG
6                                         United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27
    _____

28       [2] In light of the Court's decision above, Defendants' motions for in forma pauperis
    status and Plaintiff's recently filed motion to remand are denied as moot.

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA


LOUDEN, LLC,

        Plaintiff,

  v.

BILL MARTIN, ET AL. et al,

        Defendant.
_____/

                           Case Number: CV12-05972 SBA

                           **CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 3, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.



Bill Martin
2855 Honeysuckle Circle
Antioch, CA 94531


Mary Martin
2855 Honeysuckle Circlie
Antioch, CA 94531

Dated: December 3, 2012
                                Richard W. Wieking, Clerk

                                By: Lisa Clark, Deputy Clerk